## SMITH v. STANDARD FIXTURE CO., Inc.

No. 27913. March 1, 1938.

Bryan Phillips, for plaintiff in error.

Sam L. Wilhite, for defendant in error.

PHELPS, J. The plaintiff sold the defendant certain store equipment pursuant to a conditional sales contract. The defendant defaulted in certain installment payments and the plaintiff filed this action in replevin for the recovery of the equipment. The defendant demurred to plaintiff's evidence, which demurrer was overruled. The defendant then elected to stand on his demurrer, the trial court entered judgment for the plaintiff, and the defendant appeals.

The evidence on behalf of plaintiff consisted entirely of depositions. The first contention of the defendant is that the trial court erred in refusing to suppress the depositions. Defendant argues that the depositions were inadmissible, because nowhere therein was it stated by the officer certifying thereto that the depositions were subscribed in the presence of that officer. Section 308, O. S. 1931, 12 Okla. St. Ann., sec. 446, requires that the certificate of said officer shall show "that the deposition was subscribed in the presence of the officer certifying thereto." The certificate of the officer who took the depositions contains

the following statement, immediately above the officer's signature:

"Subscribed and sworn to by the above named Harry Cohen, before me this 2nd day of April, A. D. 1936."

Immediately below that certificate is another certificate wherein the officer, referring to the witness, stated that the deposition was "by him subscribed as above set forth." The same statements were made in the certificates following the deposition of the remaining witness for plaintiff.

In order to uphold the defendant's contention we would have to hold that in the certificate the language of the statute must be followed verbatim. We see no necessity for such strictness. The purpose of this portion of the statute is to assure that the deposition is subscribed in the presence of the officer, and that said fact be stated in the officer's certificate. The officer in the present case certified that the deposition was "subscribed and sworn to * * * **before me** this 2nd day of April, A. D. 1936." The obvious meaning of such language is that the deponent subscribed in the presence of the officer; it could have no other rational meaning, in view of the circumstances.

In the next proposition the defendant draws attention to the fact that the contract provided that it would not be effective unless accepted by the plaintiff's home office in Dallas, Tex. He then asserts that the record fails to show any evidence that the contract was approved by the plaintiff. Turning to the record we find that the secretary of the plaintiff corporation did testify by deposition that the contract was accepted, and that said secretary's signature appearing thereon was the acceptance of the contract. Furthermore, the contract itself shows on the face thereof the following: "Date Accepted 9/7/35."

In the remaining proposition the defendant calls attention to the fact that the alternative judgment determining the value of the property, in case recovery could not be had, is excessive. The contention is correct. The judgment set that value to be $341.65. while the only evidence on that question was that the value was $225.

The judgment will be modified to the extent that $225 will be adjudged the value of the property, and, as thus modified, the judgment is affirmed.

OSBORN, C. J., and RILEY, CORN, and HURST, JJ.. concur.